**Gary D. ARNOLD, Plaintiff,**

v.

**FALCON PRODUCTS, INC., Defendant.**

**No. 90–2317–TUA.**

United States District Court,
W.D. Tennessee, W.D.

July 2, 1990.

Nathan A. Bicks, Burch, Porter & John-son, Memphis, Tenn., for plaintiff.

Ira L. Blank, Thomas P. Rosenfeld, Pop-kin & Stern, St. Louis, Mo., Albert T. McRae, Wilson, McRae, Ivy, Sevier, McTyi-er and Strain, Memphis, Tenn., for defen-dant.

## ORDER CONDITIONALLY DENYING MOTION TO REMAND

TURNER, District Judge.

This complaint was initially filed in the Circuit Court of Tennessee where plaintiff sought to recover $45,000.00 in compensa-tory damages. Punitive damages were not requested. Later, the plaintiff answered interrogatories stating that he was seeking to recover punitive damages, in addition to compensatory damages. The defendant then filed a notice of removal to this court pursuant to 28 U.S.C. § 1446. In the No-tice of Removal, defendant asserted that the citizenship of the parties was diverse and the amount in controversy exceeded $50,000.00. The plaintiff has now moved the court to remand the action to the Cir-cuit Court of Tennessee on the basis that this court lacks subject matter jurisdiction in that the amount in controversy, as set out in the prayers of the complaint, is only $45,000.00, and that plaintiff is not at this time seeking punitive damages.

The issue here is whether or not an un-pleaded but asserted and sworn claim for punitive damages in addition to the claim for $45,000.00 compensatory damages suf-fices to satisfy the $50,000.00 amount in controversy necessary for this court's sub-ject matter jurisdiction. The court answers that issue in the affirmative and holds that the amount in controversy exceeds $50,-000.00. However, in light of the fact that plaintiff has not yet actually sought to amend his complaint to recover punitive damages, the court will allow plaintiff an opportunity to clarify his intent with re-spect to the recovery of punitive damages. Plaintiff's motion to remand is therefore conditionally denied as follows:

Plaintiff will be allowed ten (10) days from the entry of this order in which to file with this court an affidavit stating that he is waiving any claim to punitive damages in this action. Should plaintiff elect to file this affidavit, the court will grant the mo-tion to remand and remand this action to the Circuit Court of Tennessee, Thirtieth Judicial District at Memphis, where plain-tiff would then be judicially estopped from recovering any punitive damages. Plain-

tiff would not be allowed by the Circuit Court of Tennessee to take one position in this action in an effort to secure remand and defeat defendant's statutory right of removal and then take another contradictory position in an effort to recover punitive damages in addition to his compensatory damages, the sum of which would reasonably exceed $50,000.00 if plaintiff were successful.

If plaintiff declines to file this affidavit within the time described above, the court's denial of his motion to remand shall become final and this court will maintain jurisdiction over this action.

IT IS SO ORDERED.